77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. THOMPSON, Plaintiff-Appellant,
v.
Dave HARPER, Defendant-Appellee.
 No. 95-2283.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.*
Decided Feb. 14, 1996.
 
 Before FAIRCHILD, Circuit Judge, COFFEY, Circuit Judge, and DIANE P. WOOD, Circuit Judge.
 
 ORDER
 
 1
 Robert L. Thompson, an Illinois prisoner, appeals pro se the district court's grant of summary judgment in favor of Dave Harper, his federal probation officer, in this Bivens action. Thompson alleged that Harper and three local police officers arrested him without a warrant in violation of his civil rights. The district court granted summary judgment in favor of Harper on grounds of qualified immunity. Because Harper's conduct did not violate any clearly established constitutional or statutory rights, we affirm.
 
 BACKGROUND
 
 2
 In October 1989, after pleading guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g), Thompson was sentenced to four months' imprisonment, followed by two years of supervised release, conditioned on his participation in drug and alcohol counseling and submission to periodic monitoring under the supervision of the United States Probation Office. Among the conditions of Thompson's supervised release were that he not commit a federal, state, or local crime, that he follow the instructions of his probation officer, that he permit a probation officer to visit him at any time at his home or anywhere else, and that he notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer. Defendant Dave Harper was assigned as Thompson's federal probation officer.
 
 
 3
 On October 8, 1991, Harper was contacted by Robbins police and informed that they were investigating the murder of Thompson's wife and that Thompson was a suspect in that murder. When Harper visited Thompson at Thompson's home later that day, Thompson told Harper that he was unwilling to answer any questions by Robbins police unless Harper asked him to do so, and unless Harper was present during questioning. Harper agreed to be present while Robbins police interrogated Thompson, and accompanied Thompson to the Robbins police station. Neither Harper nor the Robbins police arrested or handcuffed Thompson.
 
 
 4
 On January 3, 1992, Thompson was arrested by Robbins police as a suspect in the murder of his wife. At the request of the police, Harper was present at the arrest and may have assisted them.[1] Three days later, the State charged Thompson with murder and a state judge found probable cause to detain Thompson. Thompson was subsequently indicted for the murder of his wife.
 
 
 5
 On February 19, 1992, Harper submitted a report to the district court overseeing Thompson's probation and requested that a bench warrant be issued as a detainer against Thompson. Harper informed the court that Thompson had been indicted and charged with the first degree murder of his wife, and that Thompson was being detained by the Cook County court system. Harper also reported that Thompson had two positive urine tests indicating cocaine use. On February 27, 1992, the court issued a bench warrant as a detainer against Thompson for failing to comply with the terms and conditions of his supervised release. Thompson unsuccessfully challenged the detainer in a habeas proceeding.
 
 
 6
 On August 4, 1992, Thompson, awaiting trial in Illinois state court for the murder of his wife, sued Harper and three Robbins, Illinois police offers for violating his civil rights when they arrested him without a warrant on January 3, 1992 as a suspect in his wife's murder.[2] Harper asserted the defense of qualified immunity, and then moved to dismiss the complaint for failure to state a claim, or in the alternative, for summary judgment.[3]
 
 
 7
 The district court granted summary judgment in favor of Harper and entered final judgment under Federal Rule of Civil Procedure 54(b).[4] Although the district court found that a genuine issue of fact remained as to whether Harper arrested Thompson on January 3, 1992, the court nevertheless held that Thompson, as a federal probationer, had no clearly established statutory or constitutional right to be free of a warrantless arrest by Harper. As a result, the court concluded, Harper was entitled to qualified immunity and judgment as a matter of law.
 
 DISCUSSION
 
 8
 On appeal, Thompson renews his argument that Harper arrested him without a warrant on January 3, 1992 in violation of his civil rights. Specifically, Thompson challenges Judge Nordberg's conclusion that probationers do not enjoy the protections articulated in Payton v. New York, 445 U.S. 573 (1980), where the Supreme Court held that a warrant is required to arrest a person in his own home, except in exigent circumstances. We review de novo the district court's ruling on qualified immunity. Burns v. Reed, 44 F.3d 524, 527 (7th Cir.1995), cert. denied, 115 S.Ct. 2583 (1995).
 
 
 9
 Thompson misreads the district court's holding. While the court did state that it was "confident" that a probation officer could lawfully arrest a probationer in the probationer's home without a warrant based on probable cause, the court did not base its decision on such reasoning. Instead, the court granted Harper qualified immunity. As Judge Nordberg explained, "this Court need not decide the question of whether a warrantless arrest of a probationer in the probationer's home violates the holding of Payton v. New York because the mere existence of a legitimate doubt concerning the constitutionality of Harper's alleged action [was] sufficient to grant him qualified immunity from suit." We agree.
 
 
 10
 Under the doctrine of qualified immunity, a public official is shielded from liability from suit if his "conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[5] Wilson v. Formigoni, 42 F.3d 1060, 1064 (7th Cir.1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The plaintiff bears the burden of showing that the constitutional right allegedly violated was clearly established before the defendant acted. Burns, 44 F.3d at 526.
 
 
 11
 Thompson has not met his burden. He again urges that Payton affords him protection from warrantless arrest in his own home, but cites no authority to suggest that such protection extends to probationers like himself. While the Supreme Court has acknowledged that a probationer is entitled to Fourth Amendment protection in his own home, the Court has also noted that probationers enjoy a lesser expectation of privacy than that enjoyed by free citizens. Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). Probation, like imprisonment, is a form of criminal sanction imposed by a court upon an offender after a verdict or a guilty plea. Consequently, the Griffin Court observed, a probation system poses special needs beyond ordinary law enforcement "that may justify departures from the usual warrant and probable-cause requirements." Id. at 874. See also United States v. Cardona, 903 F.2d 60 (1st Cir.1990) (upholding warrantless arrest of parolee in his own home), cert. denied, 498 U.S. 1049 (1991).
 
 
 12
 Even if we assumed that Harper did "arrest" Thompson on January 3, 1992, Harper was acting in accordance with federal statutes. Under 18 U.S.C. § 3606, if Harper had probable cause to believe that Thompson had violated his probation, Harper was authorized to arrest Thompson "wherever ... the probationer is found." Moreover, Harper, as Thompson's probation officer, was also authorized under the conditions of Thompson's supervised release to visit Thompson at any time at his home or anywhere else. See Ray v. Pickett, 734 F.2d 370, 374-75 (8th Cir.1984) (federal probation officers performing their duties entitled to qualified immunity).
 
 
 13
 We agree with the district court that Harper did not violate any constitutional right that was clearly established at the time Thompson was arrested. Accordingly, we AFFIRM the district court's grant of summary judgment on the finding that Harper possessed qualified immunity from suit.
 
 
 
 *
 After preliminary examination of the parties' briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 The record does not clearly reveal Harper's role in Thompson's arrest on January 3, 1992. Thompson submitted the affidavit of his sister, Cynthia Barnes, who asserted that she was present on January 3, 1992, when Harper visited Thompson at the home of Thompson's grandparents. According to Barnes, Harper told Thompson that "I came to arrest you." Thompson also claimed in his pleadings that "the defendant placed the Plaintiff under arrest." However, as Judge Nordberg correctly pointed out, Thompson was arrested pursuant to the state indictment, and not the federal action. The federal detainer for Thompson's arrest for violating the conditions of his supervised release was not issued until February 27, 1992. In addition, the Robbins police report attached to Thompson's appellate brief shows that it was Robbins police, not Harper, who arrested Thompson outside of his home for the murder of his wife. Harper's submissions to the district court did not mention the arrest of January 3, 1992
 
 
 [2]
 Details about the outcome of Thompson's state murder trial are not contained in the record before us
 
 
 [3]
 The remaining defendants filed a separate motion to dismiss, which was recently granted by Judge Nordberg. Thompson v. Harper, 1995 WL 769879, No. 92 C 5223 (N.D.Ill. Dec. 28, 1995)
 
 
 [4]
 Although Thompson styled his action as one under 42 U.S.C. § 1983, the district court properly construed it as a Bivens action. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Section 1983 provides a cause of action only against those acting "under color of state law."
 
 
 [5]
 For purposes of immunity analysis, Bivens actions are not distinguished from civil rights suits brought against state officers under 42 U.S.C. § 1983. Walrath v. United States, 35 F.3d 277, 281 n. 1 (7th Cir.1994)